UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DARREN CLARK, | : | CIVIL NO: 1:13-CV-01918 |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CORIZON HEALTH CARE, *et al.*, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review of the complaint. We recommend that the plaintiff's applications for leave to proceed *in forma pauperis* be granted, but because the complaint fails to state a claim upon which relief may granted, we recommend that the complaint be dismissed. We also recommend that the plaintiff be granted leave to file an amended complaint.

## II. Factual Background and Procedural History.

The plaintiff, Darren Clark, a state prisoner proceeding *pro se*, began this civil rights action by filing a complaint. He also filed an application for leave to proceed *in forma pauperis*. After the Clerk of Court ordered Clark either to pay the filing fee or to file an authorization form to have funds deducted from his prison account to

pay the filing fee, Clark filed an authorization form as well as another application for leave to proceed *in forma pauperis*. Clark names as defendants: (1) Corizon Health Care; Mary Lou Showalter, the Health Care Administrator at the State Correctional Institution at Huntingdon; and (3) Jeffrey Beard, the former Secretary of the Pennsylvania Department of Corrections.

Although the complaint is not clear, the basis of Clark's claims appears to be the medical treatment that he received for some sort of damage to his hand. Clark alleges that defendant Showalter was responsible for failing to supervise the medical staff regarding medication and a "misdiagnosis without any professional opinions." *Doc. 1* at 2. He alleges that Corizon was at fault for employing Showalter. *Id.* In the relief section of his complaint, Clark asserts that he is seeking to have Corizon pay for all of his medical bills concerning his hand and his health insurance after his release from prison. *Id.* at 3. He also asserts that the court should order that Showalter "directly participated, learned of the violation of [his] rights & failed to do anything to fix the situation, created a policy or custom allowing or encouraging illegal acts & was grossly negligent in managing the people she was supposed to supervise." *Id.* Further, he asserts that Beard was "responsible & director of SCI Huntingdon & failed to supervise SCI Huntingdon's condition &/or policy. In

doing so put [Clark] directly in harm[']s way which bacteria of said situation cause[d] a deadly virus to my health." *Id.*

**III. Discussion.**

**A. Screening of *Pro Se* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the

3

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions,

and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more

6

than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Corizon.

Clark has not alleged facts from which it can reasonably be inferred that Corizon, a private company that provides health care in prisons, violated his constitutional rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). The principle that *respondeat superior* liability does not exist under 42 U.S.C. § 1983 extends even to a for-profit private corporation. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003)("PHS [Prison Health Services] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."). The United States Court of Appeals for the Third Circuit has applied the standard for municipal liability to claims against a private corporation providing services in a prison. *Id.* at 584.

To state a claim against a municipality, a plaintiff must allege that the violation of his rights was caused by a policy of the municipality. *Id.* Municipal policies include the decisions of a government's lawmakers and the acts of its policymaking officials as well as municipal customs, which are acts or practices that, even though not formally approved by an appropriate decisionmaker, are so persistent and widespread as to have the force of law. *Id.*; *Natale,* 318 F.3d at 583. In other words, a municipality "'can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom.'" *Mulholland v Gov't County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (quoting *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996)).

"Based on the Supreme Court's reasoning in the landmark *Monell* case, courts have recognized a 'two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom.'" *Id.* (quoting *Beck,* 89 F.3d at 971).

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)(citations

omitted) (alterations in original). "Custom . . . may also be established by evidence of knowledge and acquiescence." *Beck,* 89 F.3d at 971. "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Additionally, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

For Clark to state a claim upon which relief may be granted against Corizon, he must allege facts from which it can plausibly be inferred that there was a relevant policy or custom of Corizon and that the policy or custom caused the constitutional violation at issue. Clark, however, has not made such allegations. Rather, Clark merely alleges that Corizon is responsible for employing Showalter. While in the relief section of his complaint Clark refers to Showalter creating a policy, he does not allege the nature of that policy or how it caused a violation of his constitutional rights. Moreover, he does not allege that Showalter was a decisionmaker possessing final authority to establish policy for Corizon. As such, Clark fails to allege essential elements of a claim of corporate liability under § 1983. Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Corizon.

### C. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Showalter and Beard.

The complaint also fails to state a claim upon which relief may be granted against defendants Showalter and Beard for several reasons. First, the complaint fails to state a claim upon which relief can be granted against defendants Showalter and Beard because it does not alleged that the were personally involved in an alleged violation of Clark's rights.

As set forth above, liability under 42 U.S.C. § 1983 cannot be based on the theory of respondeat superior. Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. There are two viable theories of supervisory liability. *Santiago v. Warminster Twp.*, 129 F.3d, 121, 129 n.5 (3d Cir. 2010). Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom that directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had

knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

In this case, Clark does not allege facts from which it can reasonably be inferred that Showalter and Beard were personally involved in violating his rights. He does not allege what specifically Showalter and Beard did or did not do that violated his rights. Thus, the complaint fails to state a claim upon which relief may be granted against Showalter and Beard.

Second, even apart from the lack or personal involvement, the complaint fails to state a claim upon which relief may be granted because Clark does not allege facts from which it can reasonably be inferred that he had a serious medical need or that that defendants were deliberately indifferent to such a need.

In order for a plaintiff to allege a viable Eighth Amendment medical-care claim, he must allege facts from which it can reasonably be inferred that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995)("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment." *Atkinson v. Taylor,* 316 F.3d 257, 266 (3d Cir. 2003).

At the same time, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as a

constitutional claim because medical malpractice is not a constitutional violation. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). Instead, deliberate indifference represents a much higher standard, one that requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993)(citations omitted).

    Judged against these legal benchmarks, the complaint in this case fails to allege facts from which it can reasonably be inferred that Clark had a serious medical need. Clark refers to an injury to his hand, to bacteria, and to a virus, but the nature of his medical condition is not clear. He does not allege what happened to him. Also the complaint fails to allege facts from which it can reasonably be inferred that defendants Showalter and Beard were deliberately indifferent to any serious medical need of Clark. He has not alleged what the defendant knew about his condition or what they did regarding his treatment. Accordingly, they cannot be

13

seen, on the facts alleged, to have been aware that their actions would cause a substantial risk of serious harm to Clark.  Thus, the complaint fails to state an Eighth Amendment claim against defendants Showalter and Beard.

### D. The Complaint Should Be Dismissed Without Prejudice.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  In light of this requirement, although this screening merits analysis calls for dismissal of the complaint, Clark should be granted another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint.  Thus, we recommend that the complaint be dismissed, but we recommend that the dismissal be without prejudice to Clark filing an amended complaint to attempt to state a claim upon which relief may be granted.

### IV. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Clark's applications (docs. 4 & 6) to proceed *in forma pauperis* be granted.  **IT IS**

**FURTHER RECOMMENDED** that the complaint be dismissed without prejudice and that Clark be granted leave to file an amended complaint to attempt to state a claim upon which relief may be granted.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

---

1  We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of September, 2013.

S/Susan E. Schwab  
Susan E. Schwab  
United States Magistrate Judge